IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:24-CV-00082-M-RJ

WILLIAM ROBERT SCIALDONE, )
 )
    Plaintiff, )
 )
v. ) ORDER
 )
FRANK J. BISIGNANO, )
Commissioner of Social Security, )
 )
    Defendant. )
_____ )

This matter comes before the court on the Plaintiff's brief in support of her request for review of the Commissioner's decision. DE 17. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. issued a Memorandum and Recommendation ("M&R"), recommending that the court reverse the Commissioner's decision and remand for further proceedings. DE 24. Plaintiff filed a timely objection requesting that this court adopt the recommendation to reverse and to remand, not for any additional evaluation, but for a finding of disability and an award of benefits pursuant to Vocational Rule 201.14. DE 25.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear

error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The decision whether "to reverse and remand for calculation of benefits, or reverse and remand for a new hearing, is one that lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 236 (E.D.N.C. 1987) (citing *Gavin v. Heckler*, 811 F.2d 1195 (8th Cir. 1987)). The Fourth Circuit instructs that district courts may "reverse without remanding [for a new hearing] where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard *and* when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974) (emphasis added). That is, when "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for calculation of benefits rather than remand for a new hearing is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980).

Vocational Rule 201.14 directs a finding of "disabled" if a claimant is limited to sedentary work, is closely approaching advanced age, is a high school graduate without education that provides for direct entry into skilled work, and has skilled or semi-skilled previous work experience without transferable skills. 20 C.F.R. § 404, subpt. P, app. 2, § 201.14. Judge Jones considered the applicability of Vocational Rule 201.14 and concluded, given his determination the ALJ's finding was unsupported by substantial evidence that the Plaintiff could perform a reduced range of light work, "the ALJ should reevaluate [Rule 201.14's] applicability after considering the other factors discussed above." DE 24 at 25-26.

This court agrees. Despite counsel's argument before the ALJ at the initial hearing that Plaintiff met the requirements of Rule 201.14 (*see* R. 76), the ALJ did not specifically mention the

2

Rule's possible applicability in either of his decisions (R. 10-35; 1383-1416).[1] Moreover, Judge Jones finds, based on the ALJ's errors and omissions as described in the M&R—e.g., the ALJ's failures to properly consider Plaintiff's "subjective statements, financial situation, and the entirety of the favorable and non-favorable evidence" regarding Plaintiff's physical and mental health—that further consideration is required and that the record needs to be "fully developed," specifically with respect to the vocational expert's opinion. *See* DE 24. Accordingly, the court finds that a hearing may be necessary to resolve outstanding issues. That said, this Order does not preclude a determination by the ALJ or Commissioner, upon further consideration of this Order and the M&R, that no additional hearing is necessary to find the Plaintiff disabled under Vocational Rule 201.14.

Upon de novo review of the challenged portion of the M&R and the record presented, and finding no clear error in the remainder of the M&R, the court ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, Plaintiff's request for reversal [DE 17] is GRANTED, the Commissioner's decision is REVERSED, and the matter is REMANDED for further proceedings consistent with this Order. The Clerk of Court shall close this case.

SO ORDERED this 27th day of August, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The court acknowledges that the ALJ considered Plaintiff's RFC, "age, education, and work experience in conjunction with the Medical-Vocational Guidelines" (R. 1414-1416) and noted that, at the time of the decision in June 2023, Plaintiff was "in a borderline age situation" given that he would turn 55 years old in the next few months (*id.* at 1415). The ALJ found "no additional vocational adversities present that would justify using the higher age category now." *Id.* Given the passage of time and Plaintiff's current age, the court finds the ALJ's opinion in this regard would likely change upon further evaluation.

3